Dear Senator, Robert M. Kerr,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. What person or entity has the duty to determine whether aperson is a "farmer" for purposes of Article VI, § 31a of theOklahoma Constitution?
 2. What criteria should be used to determine whether a personshould be considered a farmer for purposes of Article VI, § 31a?
¶ 1 Your questions involve Article VI, § 31a of the Oklahoma Constitution, which creates a Board of Regents ("Board") for all agricultural and mechanical schools and colleges in Oklahoma.[1] Article VI, § 31a states in pertinent part as follows:
 There is hereby created a Board of Regents for the Oklahoma Agricultural and Mechanical College and all Agricultural and Mechanical Schools and Colleges maintained in whole or in part by the State. The Board shall consist of nine (9) members, eight (8) members to be appointed by the Governor by and with the advice and consent of the Senate, a majority of whom shall be farmers, and the ninth member shall be the President of the State Board of Agriculture.
Id. (emphasis added).
¶ 2 You first ask what person or entity is responsible for ensuring that a Board member is a farmer. The constitutional provision states that the Governor, with the advice and consent of the Senate, shall appoint eight members of the Board. Id. Of those eight members, the majority, or five, must be farmers.Id. Hence, the Governor and Senate are jointly responsible for ensuring that a majority of the Board members are farmers.[2] By the plain language of Article VI, § 31a the Governor is responsible for ensuring that only qualified persons who meet the constitutional requirements are appointed. The Senate, after receiving the appointees'''' names, is responsible for ensuring that only qualified persons who meet the constitutional requirements are confirmed in their appointments.
¶ 3 You next ask what criteria should be used to determine whether a person is a farmer for purposes of Article VI, § 31a. The Oklahoma Statutes answer your question as follows: "A majority of the members appointed by the Governor shall befarmers, who are actually engaged in farming and/or livestockgrowing as their principal business or occupation in earning alivelihood[.]" 70 O.S. 1991, § 3409[70-3409](c) (emphasis added). The plain language of Section 3409(c) requires that appointees to the Board earn the principal part of their livelihood from farming and/or livestock growing. Such clear and unambiguous language reveals the legislative intent and renders statutory construction unnecessary. Cox v. Dawson, 911 P.2d 272, 276 (Okla. 1996) (footnote omitted).
¶ 4 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Governor and Senate jointly have the duty ofdetermining whether a person is a farmer for purposes of ArticleVI, § 31a of the Oklahoma Constitution.
 2. Persons are farmers for purposes of Article VI, § 31a whenthey are "actually engaged in farming and/or livestock growing astheir principal business or occupation in earning a livelihood."70 O.S. 1991, § 3409(c).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DEBRA SCHWARTZ ASSISTANT ATTORNEY GENERAL
[1] The Board has "supervision, management and control of Oklahoma State University, Panhandle State University, Langston University, Connors State College of Agriculture and Applied Science, and Northeastern Oklahoma Agricultural and Mechanical College." 70 O.S. Supp. 2000, § 3412[70-3412].
[2] A third entity, a court, has the duty to determine whether someone qualifies for a particular office when an action is brought in quo warranto. 12 O.S. 1991, § 1532[12-1532].